UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| OSCAR JIMENEZ, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | CAUSE NO. 1:14-CV-333 |
| WILLIAMS, WHITE & COMPANY, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This case was removed to this Court from the Allen Superior Court by Defendant Williams, White & Company based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Notice of Removal alleges that Defendant is a "foreign corporation organized under the laws of Illinois with its principal place of business in Moline, Illinois" and that "upon information and belief, Plaintiffs are residents of Allen County, Indiana." (Notice of Removal ¶¶ 7, 9.)

Defendant's Notice of Removal is inadequate. This is because the "residency" of Plaintiffs is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

"For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Therefore, the Court must be advised of each Plaintiff's citizenship, not residency.

And there is a second problem. "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc.*, 980 F.2d at 1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003). As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

For this reason, Defendant is ORDERED to file an amended Notice of Removal on or

before November 6, 2014, that properly articulates the citizenship of each party.

SO ORDERED.

Enter for this 23rd day of October 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge