# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| OSCAR JIMENEZ, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CAUSE NO. 1:14-CV-333 |
| WILLIAMS, WHITE & COMPANY, | ) |
| Defendant. | ) |

## OPINION and ORDER

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint filed on March 30, 2015, seeking to name Paragon Die & Engineering Company as an additional defendant in this negligence case. (DE # 22.) Plaintiffs assert that they learned through limited discovery that Paragon manufactured the Mold 772 that, when operated concurrently with the hydraulic press, allegedly contributed to cause Plaintiffs' injuries. (Pls.' Mot. for Leave ¶ 2.) Defendant has not filed a response to the motion, and the time to do so has now passed.

Plaintiffs' deadline for any amendments to the pleadings was March 31, 2015 (DE # 11, 12); therefore, their motion is timely. The Court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

But this case was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332 (DE # 5), and the proposed First Amended Complaint does not adequately allege the citizenship of Paragon, merely reciting that it is a "manufacturer . . . with its primary place of business located in Grand Rapids, Michigan." (First Am. Compl. ¶ 3.) Before granting leave to amend, the Court must assure that the joinder of Paragon would not destroy diversity jurisdiction. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder . . ..").

Therefore, Plaintiff should file a revised proposed First Amended Complaint that recites whether Paragon is a corporation and adequately alleges its citizenship for purposes of diversity jurisdiction. If Paragon is a corporation, the Court must be apprised of its state of incorporation and the state in which it has its principal place of business. *See N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business.").

Accordingly, Plaintiffs' Motion for Leave to File First Amended Complaint (DE # 22) is TAKEN UNDER ADVISEMENT. Plaintiffs are directed to filed a revised proposed First Amended Complaint on or before April 24, 2015.

SO ORDERED.

Enter for April 17, 2015.

S/Susan Collins
Susan Collins,
United States Magistrate Judge